**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Jack F. DURIE, Jr., Respondent.**

**No. 99–SC–380–KB.**

Supreme Court of Kentucky.

June 17, 1999.

Jay R. Garrett, Frankfort, KY, for complainant.

Jack F. Durie, Jr., Orlando, Florida, appellee pro se.

**OPINION AND ORDER**

This is an action in which the Kentucky Bar Association notified this Court pursuant to SCR 3.166 that Jack F. Durie, Jr., of Orlando, Florida, a member of the Kentucky Bar Association, admitted to practice law in Kentucky September 1, 1969, should be suspended from the practice of law in the Commonwealth of Kentucky for being convicted by a Florida jury of Grand Theft, a first degree felony. This conviction is the equivalent of Theft by Unlawful

Taking of $300.00 or more, KRS 514.030, which is a Class D felony in Kentucky.

Durie was charged with a felony by the State of Florida in the Circuit Court of Orange County, on November 6, 1997. Specifically, the State of Florida charged in Count I:

That on and between November 24, 1992 and January 19, 1993, the County of Orange, State of Florida, Jack F. Durie, did then and there knowingly obtain or use, or endeavor to obtain or use, certain property, to wit: money of the value of $20,000.00 or more, but less than $100,-000.00, the property of Calvin Vice, Department of Health and Rehabilitative Services, State of Florida, as owner or custodian with the intent to, either temporarily or permanently, deprive said owner or custodian of a right to said property or a benefit therefrom, or to appropriate said property to the use of Jack F. Durie or another person not entitled thereto, contrary to Sections 812.014(1), 812.014(2)(b), 409.910(17), Florida Statutes, and

### Count II

On or between November 24, 1992 and January 19, 1993, Jack F. Durie, knowingly failed to credit the State of Florida, Department of Health and Rehabilitative Services for payments received from Scottsdale Insurance Company when Jack F. Durie was acting as legal representative of Samuel Kee for injuries Samuel Kee suffered on November 10, 1991, and which the Department of Health and Rehabilitative Services had provided payment for the medical treatment of said injuries, and the value of such assistance wrongfully received, retained, misappropriated, sought, or used, was of an aggregate value of two hundred dollars ($200.00) or more, contrary to Sections 409.325(4)(b), 409.325(5)(b), 409.910(17), Florida Statutes.

On November 19, 1998, Durie was found guilty by a jury in the Circuit Court of the Ninth Judicial Circuit, in Orange County, Florida of Grand Theft, a first degree felony. Count II of the Information was dismissed. Durie was sentenced to sixty days in jail; placed on ten years supervised probation; ordered to undergo counseling; ordered to serve two hundred fifty hours of community service within one year; make restitution of $38,061.43 to Medicaid; and pay $3,227.00 for the cost of prosecution.

SCR 3.166 provides that, any member of the Kentucky Bar Association who is convicted by a judge or jury of a felony offense shall be automatically suspended from the practice of law in this Commonwealth beginning on the day following the finding of guilt by a judge or jury. The Kentucky Bar Association seeks an order confirming the automatic suspension of Durie pursuant to SCR 3.166 effective beginning November 20, 1998, until superseded by subsequent order.

Therefore, the automatic temporary suspension provided for by SCR 3.166 is confirmed.

Jack F. Durie, Jr., of Orlando Florida, is suspended from the practice of law in this Commonwealth, effective November 20, 1998, for an indefinite period and until superseded by subsequent order of this Court.

Disciplinary proceedings against Durie shall be initiated by the Inquiry Tribunal pursuant to SCR 3.160, unless already begun, or unless Durie resigns under terms of disbarment.

Pursuant to SCR 3.390, Durie shall, within ten days of the date of entry of this order, notify all courts in which he has matters pending and all clients for whom he is actively involved in litigation and similar legal matters of his inability to represent them, and of the necessity and urgency of promptly retaining new counsel. Durie shall make arrangements to return all active files to the client or new counsel and shall return all unearned attorney fees and client property to the client. All such notifications shall be by letter duly and timely placed in the United

States mail, and Durie shall simultaneously and in the same manner provide a copy of all such letters to the director of the Kentucky Bar Association.

Pursuant to SCR 3.390, Durie shall immediately, to the extent possible, cancel and cease any advertising activities in which he is engaged. Durie shall be responsible for all costs in connection with this action.

All concur.

Entered: June 17, 1999.

/s/ Joseph E. Lambert
Chief Justice.